UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THURL H. LIGHT, II,<br><br>    Plaintiff,<br><br>    v.<br><br>J. LIZARRAGA, et al.,<br><br>    Defendants. | No. 2:16-cv-2256 MCE DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants committed excessive force and retaliation against him.

On April 8, 2019 defendants filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (ECF No. 27.) Plaintiff did not file an opposition or request additional time to file an opposition. By order dated May 29, 2019, plaintiff was ordered to either file an opposition or show cause in writing why this action should not be dismissed for failure to file an opposition to the summary judgment motion. (ECF No. 29.) The court's order was returned because plaintiff had not updated his address as required by Local Rule 182(f). A search of the California Department of Corrections and Rehabilitation's inmate locator revealed that plaintiff was transferred to California Health Care Facility. (ECF No. 30.) The court's order was

////

1

served on plaintiff at his updated address. Since that time, plaintiff has not filed an opposition, requested additional time to file an opposition, or otherwise responded to the court's order.

"A district court may not grant a motion for summary judgment simply because the nonmoving party does not file opposing material, even if the failure to oppose violates a local rule." Brydges v. Lewis, 18 F.3d 651, 652 (9th Cir. 1994) (citing Henry v. Gill Industries, Inc., 983 F.2d 943, 950 (9th Cir. 1993)). However, where a local rule "does not require, but merely permits the court to grant a motion for summary judgment, the district court has discretion to determine whether noncompliance should be deemed consent to the motion." Brydges, 18 F.3d at 652.

Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." On February 9, 2018, plaintiff was advised of the requirements for filing an opposition to a dispositive pretrial motion and that failure to oppose such a motion may be deemed a waiver to opposition to the motion. (ECF No. 12.) Accordingly, plaintiff's failure to oppose should be deemed a waiver of opposition to the granting of the motion.

In accordance with the above, IT IS HEREBY RECOMMENDED that defendants' motion for summary judgment (ECF No. 27) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

////
////
////
////
////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 8, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB1/Orders/Prisoner.Civil Rights/ligh2256.46.dism